FOLKMAN LAW OFFICES, P.C.
By:    Benjamin Folkman, Esquire
        Paul C. Jensen, Jr., Esquire
1949 Berlin Road, Suite 100
Cherry Hill, New Jersey 08003
(856) 354-9444
(856) 354-9776 (fax)                    Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HELMER, CONLEY & KASSELMAN, P.A., YARON HELMER, ESQUIRE, and JAMES M. CONLEY, ESQUIRE,<br><br>Plaintiffs,<br><br>vs.<br><br>HARK AND HARK, JEFFREY HARK, ESQUIRE, RICHARD Q. HARK, ESQUIRE, ABC INC., XYZ CORP., and JOHN DOES 1–50,<br><br>Defendants. | Civil Action No.:<br><br>JURY TRIAL DEMANDED<br><br><br><br><br><br><br><br>**PLAINTIFFS' VERIFIED COMPLAINT** |

      Plaintiffs Helmer, Conley & Kasselman, P.A., Yaron Helmer, Esquire, and James M. Conley, Esquire, by and through undersigned counsel, by way of Verified Complaint against Defendants, Hark and Hark, Jeffrey Hark, Esquire, Richard Q. Hark, Esquire, ABC Inc., XYZ Corp., and John Does 1–50, hereby aver as follows:

— **PARTIES** —

    1.    At all times relevant herein, Plaintiff Helmer, Conley & Kasselman, P.A. ("HCK") was and is a professional services corporation existing under the laws of the State of New Jersey and is engaged in the practice of law with its principal place of business located at 111 White Horse Pike, Haddon Heights, New Jersey 08035.

2. At all times relevant herein, Plaintiffs Yaron Helmer, Esquire and James Conley, Esquire are and were attorneys licensed in New Jersey and partners of HCK. Messrs. Helmer and Conley shall be collectively referred to as the "Individual Plaintiffs."

3. At all times relevant herein, upon information and belief, Defendant Hark and Hark ("H&H") was and is a professional services corporation, partnership, joint venture, and/or association engaged in the practice of law with its principal place of business located at 1101 Route 70 West, Cherry Hill, New Jersey 08002.

4. At all times relevant herein, upon information and belief, Defendant Jeffrey Hark, Esquire ("JH") was and is an attorney licensed in New Jersey and was and is a member, principal, or partner of H&H.

5. At all times relevant herein, upon information and belief, Defendant Richard Q. Hark, Esquire ("RQH") was and is an attorney licensed in New Jersey and was and is a member, principal, or partner of H&H.

6. Defendants ABC Inc., XYZ Corp., and John Does 1–50 are fictitious names for individuals, corporations, partnerships, joint ventures, associations, or other forms of private entities, including business entities, the identities are of which are unknown at present, but who at all times relevant herein owned, operated, and/or managed H&H and/or had a duty to own, operate, and/or manage H&H, or who participated in the acts, omissions, and/or breaches of duty complained of herein and/or who otherwise caused the harm complained of herein to Plaintiffs.

— JURISDICTION AND VENUE —

7. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121(a) because Plaintiff's claims raise a federal question under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

8. Plaintiffs' remaining claims fall within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy.

9. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this dispute, and the damages sustained in this dispute, occurred within the District of New Jersey.

— FACTS COMMON TO ALL COUNTS —

10. HCK is a well-known and respected law firm comprised of experienced attorneys who practice in the areas of criminal defense, family law, personal injury/negligence, and immigration. HCK maintains fourteen offices in New Jersey and one in New York, and HCK's attorneys practice in state and federal courts throughout New Jersey, Pennsylvania, and New York.

11. Individual Plaintiffs are well-known and respected lawyers in the community as criminal defense attorneys.

12. Plaintiffs have engaged in extensive advertising and marketing efforts to ensure that the public is aware of the legal services provided by HCK and the Individual Plaintiffs. Substantial amounts of time, effort, and money have been expended to ensure that members of the public associate Plaintiffs' names exclusively with Plaintiffs and their legal services.

13. Plaintiffs' names, when used in connection with the promotion of Plaintiffs' legal services, have acquired substantial recognition by the public seeking legal services by virtue of HCK's providing legal services.

14. Plaintiffs have acquired an extraordinary degree of consumer recognition in the minds of the public seeking legal services and serve uniquely to identify Plaintiffs' legal services.

15. H&H is a law firm with offices in New Jersey and Pennsylvania that, according to its website, https://www.criminalcivillawyer.com, practices in the areas of criminal defense, personal injury/negligence, workers' compensation, and professional license defense. H&H also

maintains a separate website marketed specifically to Philadelphia-area criminal defendants, https://www.phila-criminal-lawyer.com. As such, Defendants are direct competitors of Plaintiffs.

16. By way of background, Google operates a keyword-triggered advertising program known as "AdWords" that generates the "Sponsored Links" section on the search-results screen. Sponsored advertisements appear above the non-sponsored "organic" search results. Advertisers participating in AdWords purchase or bid on certain keywords, paying Google for the right to have links to their websites displayed in the Sponsored Links section whenever an internet user searches for those words. Additionally, each time an internet user clicks on a particular Sponsored Link, Google charges a fee to the AdWords participant associated with that linked website. Businesses often participate in the AdWords program to generate more visits to their web-sites.

17. Upon information and belief, Defendants have purchased Plaintiffs' names and numerous variants thereon as Google AdWords in order to divert Plaintiffs' potential clients to Defendants. For example, a search of the terms "helmer conley" results in the following search results:



The top result is an advertisement with the heading "Helmer Conley Kasselman | Aggressive Criminal Defense." Underneath the heading, the advertisement displays H & H's phone number and address. Clicking on this advertisement directs the user to the following URL:

https://www.google.com/aclk?sa=l&ai=DChcSEwjUw_Tj5dXbAhVHQIYKHRCeBkQYABAAGgJ2dQ&sig=AOD64_2eSahkeDP-yHbkrEkqNo2QMxUOig&q=&ved=0ahUKEwi5ze7j5dXbAhWCrFkKHcI8DqEQ0QwIJQ&adurl=

which link then redirects the user to the following URL:

https://www.criminalcivillawyer.com/criminal-law/?gclid=EAIaIQobChMI1MP04-XV2wIVR0CGCh0QngZEEAAYASAAEgJSgPD_BwE

which displays the below website:



Other search strings that trigger the appearance of the advertisement include, but may not be limited to, the following: "helmer," "helmer law office," "helmer conley," "helmer kasselman," "helmer lawyer, "helmer defense," "conley law," and "helmer and associates."

18. As a result of the above, any person who is searching for Plaintiffs' legal services may then click on Defendants' sponsored ad, intending to be directed to Plaintiffs' website, and be misdirected to Defendants' website instead.

19. Plaintiffs have not licensed, authorized, or given permission to any Defendant for the use their names for any commercial purpose.

20. At no time did any Defendant request from Plaintiffs a license, authorization, or permission to use Plaintiffs' names for any commercial purpose.

21. Plaintiffs have not consented to the Defendants' use of Plaintiffs' names for any commercial purpose.

22. Defendants' actions, including unlawfully purchasing and using Plaintiffs' names as a keyword or heading on Google AdWords, were clearly designed to divert web traffic from Plaintiffs' website to Defendants' website.

23. Defendants' use of Plaintiffs' names as a keyword or heading on Google AdWords is likely to cause confusion amongst potential clients as to the affiliation, connection, association,

origin, sponsorship, or approval of Defendants' advertisements when potential clients search for Plaintiffs' names.

24. Defendants' use of Plaintiffs' names as keywords or headings on Google AdWords is likely to cause potential clients to retain Defendants, instead of Plaintiffs, for legal representation.

25. As lawyers, JS and RQS are held to a higher standard and duty than the general public.

26. Rule 7.1(a) of the New Jersey Rules of Professional Conduct provides that "[a] lawyer shall not make false or misleading communications about the lawyer, the lawyer's services, or any matter in which the lawyer has or seeks a professional involvement."

27. Rule 8.4(c) of the New Jersey Rules of Professional Conduct provides that "[i]t is professional misconduct for a lawyer to . . . engage in conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

28. As a result of Defendants' actions, Plaintiffs have been damaged and irreparably harmed.

## — FIRST COUNT —
### Lanham Act False Advertising (15 U.S.C. § 1125(a)(1)(B))

29. Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

30. The Lanham Act provides, in pertinent part, that

> [a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, names, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which[,] in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(B).

31. The foregoing acts and conduct by Defendants constitute false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact in connection with services provided in interstate commerce.

32. The foregoing acts and conduct by Defendants were an unauthorized use of Plaintiffs' names, reputation, and goodwill in connection with services provided in interstate commerce.

33. The foregoing acts and conduct by Defendants actually deceive and/or have the tendency to deceive a substantial segment of those who search for Plaintiffs on the internet.

34. The foregoing acts and conduct by Defendants have caused, and will continue to cause, irreparable injury to Plaintiffs' business, goodwill, and reputation.

35. The foregoing acts and conduct by Defendants are willful.

36. As a result of the above, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs:

A. Injunctive relief pursuant to 15 U.S.C. § 1116;

B. Damages in an amount to be determined at trial, including Defendant's profits, any damages sustained by the Plaintiffs, reasonable attorneys' fees, and the costs of the action pursuant to 15 U.S.C. § 1117(a);

C. Treble damages pursuant to 15 U.S.C. § 1117(b);

D. Pre-judgment and post-judgement interest; and

E. Such other and further relief as the Court deems just and proper.

— SECOND COUNT —
Lanham Act False Association (15 U.S.C. § 1125(a)(1)(A))

37. Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

38. The Lanham Act provides, in pertinent part, that

> [a]ny person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, names, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which[ ] is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A).

39. Plaintiffs' names are distinct and protectable under the Lanham Act.

40. The foregoing acts and conduct by Defendants constituted an unauthorized use of Plaintiffs' names, reputation, and goodwill in connection with services provided in interstate commerce.

41. The foregoing acts and conduct by Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants and Defendants' legal services with Plaintiffs and Plaintiffs' legal services.

42. The foregoing acts and conduct by Defendants are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant and/or Defendants' legal services by Plaintiffs.

43. The foregoing acts and conduct by Defendants actually deceive and/or have the tendency to deceive a substantial segment of those who search for Plaintiffs on the internet by falsely associating Plaintiffs and Plaintiffs' legal services with Defendants and Defendants' legal services.

44. The foregoing acts and conduct by Defendants have caused, and will continue to cause, irreparable injury to Plaintiffs' business, goodwill, and reputation.

45. The foregoing acts and conduct by Defendants are willful.

46. As a result of the above, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs prays for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs:

    A.    Injunctive relief pursuant to 15 U.S.C. § 1116;

    B.    Damages in an amount to be determined at trial, including Defendant's profits, any damages sustained by the Plaintiffs, reasonable attorneys' fees, and the costs of the action pursuant to 15 U.S.C. § 1117(a);

    C.    Treble damages pursuant to 15 U.S.C. § 1117(b);

    D.    Pre-judgment and post-judgement interest; and

    E.    Such other and further relief as the Court deems just and proper.

## — THIRD COUNT —
### NEW JERSEY UNFAIR COMPETITION LAW (N.J.S.A. 56:4-1)

47.    Plaintiffs incorporates by reference the above paragraphs as though set forth at full herein.

48.    The New Jersey Unfair Competition Law provides, in pertinent part, that "[n]o merchant, firm or corporation shall appropriate for his or their own use a names, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals." N.J.S.A. 56:4-1.

49.    The foregoing acts and conduct by Defendants constitute the misappropriation of Plaintiffs' names for Defendants' own use.

50.    As a result of the above, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs:

    A.    Injunctive relief pursuant to N.J.S.A. 56:4-2;

    B.    Damages in an amount to be determined at trial, including all damages, directly or indirectly caused, to Plaintiffs by such practices pursuant to N.J.S.A. 56:4-2;

    C.    Treble damages pursuant to N.J.S.A. 56:4-2;

    D.    Reasonable attorneys' fees and costs of suit;

    E.    Pre-judgment and post-judgement interest; and

F.     Such other and further relief as the Court deems just and proper.

## — FOURTH COUNT —
### Unfair Competition

51.     Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

52.     The foregoing acts and conduct by Defendants constitute misleading, deceptive, injurious, or otherwise improper and wrongful practices which would render competition unfair

53.     As a result of the above, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs punitive damages, compensatory damages, attorneys' fees, cost of suit, and such other and further relief as the Court deems just and proper.

## — FIFTH COUNT —
### Tortious Interference with Prospective Economic Advantage

54.     Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

55.     The foregoing acts and conduct by Defendants constitute an interference with Plaintiffs' reasonable expectation of economic advantage.

56.     The foregoing acts and conduct by Defendants were done intentionally and with malice.

57.     As a result of the above, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs punitive damages, compensatory damages, attorneys' fees, cost of suit, and such other and further relief as the Court deems just and proper.

## — SIXTH COUNT —
### Commercial Appropriation of Names or Likeness

58. Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

59. Plaintiffs have an interest in their names in the nature of a property right.

60. As set forth above, Defendants appropriated Plaintiffs' names without authorization or license for trade purposes.

61. As a result of the above, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs punitive damages, compensatory damages, attorneys' fees, cost of suit, and such other and further relief as the Court deems just and proper.

## — SEVENTH COUNT —
### Unjust Enrichment

62. Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

63. Defendants received benefits from their use of Plaintiffs' names and retention of those benefits would be unjust.

64. As a result of the above, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs pray for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs compensatory damages, attorneys' fees, cost of suit, and such other and further relief as the Court deems just and proper.

## — EIGHTH COUNT —
### Identity Theft (N.J.S.A. 2C:21-17)

65. Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

66. New Jersey law provides a civil remedy for "[a]ny person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use of that person's personal identifying information" in violation of N.J.S.A. 2C:21-17(a). N.J.S.A. 2C:21-17.4(a).

67. A defendant violates N.J.S.A. 2C:21-17(a) where it:

. . . by any means including, but not limited to, the use of electronic communications or an Internet website:

> (1) Impersonates another or assumes a false identity and does an act in such assumed character or false identity for the purpose of obtaining a benefit for himself or another or to injure or defraud another;
>
> (2) Pretends to be a representative of some person or organization and does an act in such pretended capacity for the purpose of obtaining a benefit for himself or another or to injure or defraud another;
>
> (3) Impersonates another, assumes a false identity or makes a false or misleading statement regarding the identity of any person, in an oral or written application for services, for the purpose of obtaining services;
>
> (4) Obtains any personal identifying information pertaining to another person and uses that information, or assists another person in using the information, in order to assume the identity of or represent himself as another person, without that person's authorization and with the purpose to fraudulently obtain or attempt to obtain a benefit or services, or avoid the payment of debt or other legal obligation or avoid prosecution for a crime by using the names of the other person; or
>
> (5) Impersonates another, assumes a false identity or makes a false or misleading statement, in the course of making an oral or written application for services, with the purpose of avoiding payment for prior services. Purpose to avoid payment for prior services may be presumed upon proof that the person has not made full payment for prior services and has impersonated another, assumed a false identity or made a false or misleading statement regarding the identity of any person in the course of making oral or written application for services.

68. A private party may bring an action under this statute even though the defendant has not been prosecuted for a crime. N.J.S.A. 2C:21-17.4(b).

69. The foregoing acts and conduct by Defendants constitute the theft of the identities of the Plaintiffs in violation of N.J.S.A. 2C:21-17(a).

70. As a result of the above, Plaintiffs have suffered an ascertainable loss of moneys or property as a result of Defendants' use of Plaintiffs' personal identifying information.

WHEREFORE, Plaintiffs pray for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs:

A. Injunctive relief pursuant to 2C:21-17.4(a);

B. Damages in an amount to be determined at trial, including all damages, directly or indirectly caused, to Plaintiffs by such practices pursuant to 2C:21-17.4(a);

C. Treble damages pursuant to 2C:21-17.4(a);

D. Reasonable attorneys' fees, costs of suit, and out-of-pocket losses pursuant to 2C:21-17.4(a);

E. Pre-judgment and post-judgement interest; and

F. Such other and further relief as the Court deems just and proper.

## — NINTH COUNT —
### Negligent Enablement of Imposter Fraud

71. Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

72. Defendants owed a duty of reasonable care to Plaintiffs in connection with the internet marketing and the purchase of Google AdWords to avoid the risk of harm to Plaintiffs.

73. Defendants breached that duty by negligently failing to ensure that their internet marketing and the purchase of Google AdWords did not harm Plaintiffs.

74. As a direct and proximate result of the foregoing acts and conduct by Defendants, Plaintiffs were harmed.

WHEREFORE, Plaintiffs pray for judgement in their favor and against Defendants, jointly and severally, awarding Plaintiffs compensatory damages, attorneys' fees, cost of suit, and such other and further relief as the Court deems just and proper.

## — TENTH COUNT —
### Injunctive Relief

75.     Plaintiffs incorporate by reference the above paragraphs as though set forth at full herein.

76.     In view of the foregoing acts and conduct by Defendants, Plaintiffs will sustain immediate and irreparable harm if Defendants are permitted to continue using Plaintiffs' names for trade purposes or otherwise.

77.     Plaintiffs are likely to succeed on their claims set forth herein.

78.     Plaintiffs do not possess an adequate remedy at law to compensate them for the continuing irreparable harm and injury that Plaintiffs are and will sustain without the entry of the requested injunctive relief.

79.     The balancing of the equities as well as the public interest all weigh in favor of granting Plaintiffs' requested injunctive relief.

WHEREFORE, Plaintiffs pray that the Court enter an Order:

A.     Preliminarily and permanently enjoining and restraining Defendants and their officers, partners, agents, subcontractors, servants, employees, affiliates, related companies, and all other acting in concert or participating with them from:

    a.     Purchasing keywords that are identical or substantially similar to Plaintiffs' names;

    b.     Bidding on keywords that are identical or substantially similar to Plaintiffs' names;

    c.     Making use of Plaintiffs' names in a manner that is likely to confuse actual and potential clients into believing that the legal services that are the subject of Defendants' advertising are sponsored by, affiliated with, or otherwise tacitly endorsed by Plaintiffs; and

    d.     Engaging in any other act constituting unfair competition or deceptive practices with Plaintiffs.

B. Ordering Defendants to immediately terminate any and all contracts with search engine operators (e.g., Google, Bing, Yahoo!, and AOL), through which Defendants have bid on or purchased keywords that are identical or substantially similar to Plaintiffs' names.

C. Awarding compensatory damages, punitive damages, attorneys' fees, costs of suit, and interest; and

D. Awarding such other and further relief as the Court deems just and proper.

— **DEMAND FOR TRIAL BY JURY** —

Plaintiffs hereby demand a trial by jury on any and all non-equitable claims for which a trial by jury is made available.

FOLKMAN LAW OFFICES, P.C.

By: _____
BENJAMIN FOLKMAN
benfolkman@folkmanlaw.com

By: _____
PAUL C. JENSEN, JR.
pauljensen@folkmanlaw.com

Dated: June 22, 2018

## VERIFICATION OF YARON HELMER, ESQUIRE

I, Yaron Helmer, Esquire, being of full age, certify as follows:

1. I am a Plaintiff in the above-captioned matter.

2. I have read the foregoing Verified Complaint and the factual allegations made on my behalf and on behalf of Helmer, Conley, and Kasselman, P.A. are true and correct as of my own knowledge, or, if alleged on the basis of information and belief, true and correct to the best of my information and belief.

3. I certify that the foregoing statements made by me are true. I am aware that if any are willfully false, I am subject to punishment.

By: _____
YARON HELMER, ESQUIRE

Dated: 6/22/18

## VERIFICATION OF JAMES M. CONLEY, ESQUIRE

I, James M. Conley, Esquire, being of full age, certify as follows:

4. I am a Plaintiff in the above-captioned matter.

5. I have read the foregoing Verified Complaint and the factual allegations made on my behalf and on behalf of Helmer, Conley, and Kasselman, P.A. are true and correct as of my own knowledge, or, if alleged on the basis of information and belief, true and correct to the best of my information and belief.

6. I certify that the foregoing statements made by me are true. I am aware that if any are willfully false, I am subject to punishment.

By: _James M. Conley_
JAMES M. CONLEY, ESQUIRE

Dated: 06-22-2018